UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SPANDEX HOUSE, INC. and SABUDH
CHANDRA NATH,

             *Plaintiffs*,

    -against-

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, INC.,

             *Defendant.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-6-15

14 Civ. 4251 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiffs Spandex House, Inc. and the president of Spandex House, Sabudh Chandra Nath (collectively, "Spandex House" or "Plaintiffs") bring this action against Defendant Travelers Property Casualty Company of America, Inc. ("Travelers" or "Defendant") for breach of contract and breach of the implied duty of good faith and fair dealing. Plaintiffs also seek a declaratory judgment in their favor regarding Travelers' duty to defend Plaintiffs in connection with the matter *Elastic Wonder, Inc. v. Idil Doguoglu-Posey,* 13 Civ. 5603 (JGK) (the "Underlying Action"). Travelers moves to dismiss Plaintiffs' claim for breach of the implied duty of good faith and fair dealing. For the following reasons, this motion is granted.

## BACKGROUND

    This action arises out of an insurance contract between Spandex House and Travelers. Am. Compl. ¶ 1. In 2011, Spandex House obtained a commercial general liability insurance policy (the "Policy") from Travelers, which covered occurrences arising between September

1

2011 and September 2014. *Id.* ¶¶ 12-13. Spandex House alleges that it has met every condition required by the Policy, so that the Policy remains in full force and effect. *Id.* ¶¶ 15.

On January 31, 2014, Idil Doguoglu-Posey ("Posey"), the defendant in the Underlying Action, filed a Third Party Complaint against Spandex House in the Underlying Action. *Id.* ¶ 19. On February 17, 2014, Spandex House provided Travelers with timely notice of Posey's claims and tendered the claims for coverage and defense. *Id.* ¶¶ 20, 27. On April 3, 2014, more than six weeks after the claim was filed, Travelers issued a denial letter. *Id.* ¶ 31. On April 10, 2014, Spandex House's counsel responded, explaining that both grounds Travelers provided for denial were without merit. *Id.* ¶¶ 32-36.

Following Posey's filing of an Amended Third Party Complaint on April 4, 2014, *id.* ¶ 25, Travelers issued a second denial letter on May 12, 2014, which "took an incorrect position" on whether coverage was required. *Id.* ¶¶ 37-38. On May 22, 2014, Spandex House's counsel again disputed the denial of coverage. *Id.* ¶ 39. Travelers has continued to refuse to defend Spandex House in the Underlying Action. *Id.* ¶ 40.

## DISCUSSION

### I. Applicable Law

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and construe the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (internal quotation marks omitted). At this stage, the Court only "assess[es] the legal feasibility of the complaint"; it does not "assay the weight of the evidence which might be offered in support thereof." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (internal quotation marks omitted).

Under New York law, there is an implied duty of good faith and fair dealing in all contracts. *See Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 817 (2d Cir. 2014); *Kings Infiniti Inc. v. Zurich Am. Ins. Co.*, 990 N.Y.S.2d 437, at *7 (N.Y. Sup. Ct. Apr. 3, 2014). This duty "is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement." *PCVST Mezzco 4, LLC v. Wachovia Bank Comm. Mortg. Trust 2007-C30*, 2015 WL 153048, at *5 (S.D.N.Y. Jan. 12, 2015) (citing *Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce*, 697 N.Y.S.2d 128, 130 (N.Y. App. Div. 2d Dep't 1999)).

## II. Analysis

Travelers moves to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing because it is wholly duplicative of the breach of contract claim and therefore not legally cognizable under New York law. Def. Mot. at 6-9.[1] Plaintiffs oppose this motion, arguing that such a claim is cognizable under existing precedent, and that an insured is "at least entitled to try to prove bad faith in such circumstances." Pl. Mot. at 3-5.

Plaintiffs' argument is rejected. New York law does not provide an independent claim for breach of the implied covenant of good faith and fair dealing. *See Netologic, Inc. v. Goldman Sachs Grp.*, 972 N.Y.S.2d 33, 34-35 (N.Y. App. Div. 1st Dep't 2013); *accord Harris v. Provident Life and Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002). Breach of the duty of good faith and fair dealing "is merely a breach of the underlying contract, and a claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the

---

[1] The Court does not address Travelers' claim, made for the first time in its Reply Brief, regarding the dismissal of Spandex House's request for attorneys' fees. Travelers' argument on this point is sparse and conclusory, and Spandex House was not given an opportunity to respond. *See Bradley v. Burge*, 2007 WL 1225550, at *7 (S.D.N.Y. Apr. 19, 2007).

implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 365 (S.D.N.Y. 2012) (internal citations omitted). A claim for breach of the duty of good faith "can only survive a motion to dismiss if it is based on allegations that differ from those underlying an accompanying breach of contract claim." *Palmer Kane LLC v. Scholastic Corp.*, 2014 WL 1303135, at *6 (S.D.N.Y. Mar. 31, 2014). Here, Plaintiffs have not identified conduct, beyond that which allegedly constituted a breach of the contract, in support of its claim for breach of the implied duty of good faith and fair dealing.

Plaintiffs argue that the Second Circuit's holding in *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608 (2d Cir. 2001) found cognizable a claim for breach of the duty of good faith and fair dealing for failure to defend and that there is merely a strong presumption against a finding of bad faith. Pl. Mot. at 3-5. But *Hugo Boss* did not address whether a claim for breach of the duty of good faith and fair dealing was duplicative of a breach of contract claim based on the same factual predicate. Nor do the other cases cited by Plaintiffs. *See Nouveau Elevator Indus. v. Cont'l Cas. Ins. Co.*, 2006 WL 1720429 (E.D.N.Y. June 21, 2006) (granting summary judgment on claim for bad faith denial of coverage); *Sukup v. State of N.Y.*, 281 N.Y.S.2d 28 (N.Y. 1967) (reversing grant of attorneys' fees for bad faith denial of coverage).

Plaintiffs make much of the fact that Travelers relies on cases that do not specifically address claims for breach of the duty of good faith and fair dealing based on the failure of an insurer to honor its duty to defend. Pl. Mot. at 5-6. First, this is incorrect, as Travelers has cited two cases addressing this principle in the context of an insurer's duty to defend, *see* Pl. Mot. at 9 (citing *Bettan v. Geico Gen. Ins. Co.*, 745 N.Y.S.2d 545, 546 (N.Y. App. Div. 2d Dep't 2002); *Johnson v. Allstate Ins. Co.*, 823 N.Y.S.2d 415, 416 (N.Y. App. Div. 2d Dep't 2006)).

4

Moreover, Plaintiffs fail to provide any explanation for why the established holding under New York law, that a breach of the duty of good faith and fair dealing claim is duplicative of a breach of contract claim, somehow does not apply to insurance contracts. The Court assumes that this is because there is no such explanation and, under New York law, this approach must be applied to the insurance context. *See, e.g., Sikarevich Family L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 171 (E.D.N.Y. 2014) ("Plaintiff argues that its good faith and fair dealing claim is somehow distinct from its breach of contract claim, but, as with that claim, defendant's decision to deny plaintiff coverage is the crux of plaintiff's bad faith allegations.").

## CONCLUSION

For the foregoing reasons, Travelers' motion to dismiss Plaintiffs' claim for breach of the implied duty of good faith and fair dealing is granted.

Dated: New York, New York
February 6, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge